1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

CARMEN MONTENEGRO,

               Petitioner,

        v.

D.J. ADAMS, Warden,

               Respondent.

Case No. ED CV 16-2273 SVW (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

     The Court summarily dismisses this unexhausted habeas action pursuant to 28 U.S.C. §§ 2243 and 2254(b).

* * *

     1.     This is a habeas action involving a state prisoner. Petitioner was convicted of murder at jury trial in 2014. She received a prison term of 25 years to life.

     2.     The state appellate court affirmed her conviction in May 2016. The gist of her appellate claims involved the sufficiency of the evidence at trial and various jury instruction issues.

3.      Petitioner commenced this federal action in October 2016.  Petitioner attached a copy of her state appellate brief to her petition, suggesting that she seeks federal habeas review of the same claims asserted on direct appeal.  However, Petitioner admits that she never presented either a petition for review or habeas corpus action in the state supreme court.  (Petition at 3.)

4.      Magistrate Judge Wilner screened Petitioner's current petition. (Docket # 4.)  The magistrate judge informed Petitioner of the requirement under AEDPA to exhaust her claims in the state supreme court before seeking relief in federal court.  Judge Wilner directed Petitioner to submit a statement explaining whether she: (a) intended to pursue habeas relief in state court; or (b) was entitled to a stay of the federal action.  If not, the magistrate judge warned Petitioner that his action was subject to dismissal.

5.      In response, Petitioner filed several incomplete and unintelligible statements.  (Docket # 7, 8, 10.)  These submissions alluded to Petitioner's physical and mental health conditions, and contained a patently inadequate request for a Rhines stay of the case.  Petitioner also requested a lengthy extension of time to present more prison medical records to the Court.

6.      Judge Wilner issued orders explaining that these responses did not address the Court's concerns regarding whether Petitioner complied with AEDPA's exhaustion requirement.  (Docket # 9, 11.)  The Court set a further deadline in mid-February 2017 by which Petitioner was required to demonstrate that her action could plausibly remain in federal court.  Petitioner failed to file any response to the Court's order.

* * *

7.      If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party.  28 U.S.C. § 2243; see

also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8.      Under federal law, a prisoner must exhaust (that is, present) her or his claims in the California Supreme Court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982).  This Court can only issue a writ of habeas corpus on a showing that the state's highest court issued a decision that was contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).

9.      According to the petition, Petitioner does not allege that she exhausted any constitutional claim by presenting it to the state supreme court before filing in federal court.  As a result, Petitioner's pleading is defective and subject to dismissal on its face.

10.      Moreover, when the magistrate judge gave Petitioner an opportunity to cure the apparent defect with the petition or to submit a valid request for a stay, Petitioner failed to comply with the Court's direction.  In the face of a second order from the magistrate judge regarding the status of the action, Petitioner failed to file any response.  (Docket # 11.)

11.    The unexhausted petition is subject to summary dismissal.  28 U.S.C. §§ 2243, 2254(b); Local Civil Rule 72-3.2.  The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: March 20, 2017

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE